IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ROSLYN VICENCIO,            )
                            )
        Plaintiff,           )
                            )
vs.                         )    Case No. 10-3177-CV-S-ODS
                            )
MICHAEL J. ASTRUE,          )
Commissioner of Social Security, )
                            )
        Defendant.           )

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR RECONSIDERATION

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income Benefits. The Commissioner's decision is reversed and the case is remanded for reconsideration.

Plaintiff has had surgery on her wrists to relieve de Quervain's tenosynovitis, and complains of continued pain and weakness. At step two of the five-step sequential process, the ALJ determined Plaintiff's wrists "do not have more than *de minimus* effect on the claimant's ability to perform substantial gainful activity on a sustained basis and are therefore 'non-severe.'" R. at 15. The ALJ based this conclusion largely on indications from Plaintiff's orthopedic surgeon, Dr. Victoria Kubik, that "there was no reason for the claimant's bilateral complaints and recommended conservative care." R. at 15. However, while Dr. Kubik could not ascertain the cause of Plaintiff's complaints, Dr. Kubik did not rule them out completely. In fact, Dr. Kubik was administering various tests in an effort to rule out all possible medical causes of pain and numbness. Moreover, Dr. Kubik administered injections and prescribed Vicodin in an effort to alleviate Plaintiff's symptoms. R. at 287-93. In short, Dr. Kubik had not definitively determined anything about Plaintiff's complaints, and the ALJ's finding that Dr. Kubik found no medical cause for those complaints is not supported by the Record.

The Commissioner contends the ALJ incorporated limitations on Plaintiff's ability to use her hands when she asked the Vocational Expert to limit his consideration to jobs

performed at the medium exertional level.  However, the jobs identified – laundry worker and cook helper – both require extensive use of the hands.  R. at 45.[1]  Moreover, as a general proposition, the inability to use one's hands for more than fifteen minutes (as testified by Plaintiff) would not qualify one for work at the medium level of exertion.

Based on its review of a multitude of social security cases over the course of over fifteen years, the Court strongly suspects Plaintiff can perform work in the national economy – even if her complaints about hand pain and numbness are fully credited.  However, this is not a factual matter the Court can decide; it is a factual matter that must be decided by the Commissioner in the first instance.  The *present* Record simply does not contain substantial evidence demonstrating Plaintiff's hands pose no limitations on her functional capacity or that she is capable of performing work.  The Court also is not suggesting that Plaintiff's subjective testimony should (or should not) be fully credited; credibility determinations are for the Commissioner to make.  On remand, the Commissioner shall obtain additional information from Dr. Kubik and ascertain the extent of Plaintiff's limitations with respect to her hands.  Those limitations shall be included in questioning posed to a vocational expert.[2]

IT IS SO ORDERED.

DATE: March 31, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Ironically, according to a variety of sources (including a website maintained by NYU's Hospital for Joint Diseases) de Quervain's tenosynovitis is also called "washerwoman's sprain."
http://www.med.nyu.edu/orthosurgery/patient/conditions/article.html?ChunkIID=100266 (last visited March 31, 2011).

[2] Given that the case is being remanded anyway, it might be prudent for the Commissioner to ascertain the true extent of Plaintiff's alleged hearing difficulties and confirm the absence or extent of any limitations that might be imposed.